UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN SCOTT GUTIERREZ,<br>Plaintiff,<br>v.<br>FRANK BISIGNANO, Commissioner of Social Security,<br>Defendant. | Case No. 2:25-cv-2049-JDP (SS)<br><br>ORDER |

Plaintiff challenges the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Benefits Income ("SSI") under Titles II and XVI of the Social Security Act. Both parties now move for summary judgment. ECF Nos. 11 & 13. For the reasons discussed below, the court grants plaintiff's motion and denies the Commissioner's motion.[1]

**Standard of Review**

An Administrative Law Judge's ("ALJ") decision denying an application for disability benefits will be upheld if it is supported by substantial evidence in the record and if the correct legal standards have been applied. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th

[1] Both parties have consented to magistrate judge jurisdiction. ECF No. 9.

Cir. 2006). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (internal citation omitted).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court will not affirm on grounds upon which the ALJ did not rely. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

A five-step sequential evaluation process is used in assessing eligibility for Social Security disability benefits. Under this process, the ALJ is required to determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies as severe; (3) whether any of the claimant's impairments meet or medically equal the severity of one of the impairments in 20 C.F.R., Pt. 404, Subpt. P, App. 1; (4) whether the claimant can perform past relevant work; and (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 704 n.3 (9th Cir. 2018). The claimant bears the burden of proof for the first four steps of the inquiry, while the Commissioner bears the burden at the final step. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

**Background**

On May 20, 2022, plaintiff filed applications for a period of disability, DIB, and SSI, alleging disability beginning October 18, 2018. Administrative Record ("AR") 17. After his applications were denied both initially and upon reconsideration, plaintiff testified at a hearing before the ALJ on March 5, 2025. *Id*. On April 17, 2025, the ALJ issued a decision, finding that plaintiff was not disabled. AR 20-34. Specifically, the ALJ found:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2023.

2. The claimant engaged in substantial gainful activity during the following periods: June 29, 2021, to September 19, 2021.

   * * *

3. However, there has been a continuous 12-month period(s) during which the claimant did not engage in substantial gainful activity. The remaining findings address the period(s) the claimant did not engage in substantial gainful activity.

4. The claimant has the following severe impairments: degenerative disc disease of the cervical spine status post surgery, hyperthyroidism status post thyroid removal surgery and incidental finding of thyroid cancer, degenerative joint disease of the knees status post right knee surgery, gout, obesity and degenerative disc disease of the lumbar spine.

   * * *

5. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

   * * *

6. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can stand and/or walk for 4 hours during an 8-hour workday and sit for 6 hours during an 8-hour workday. The claimant can occasionally climb, balance, stoop, kneel, crouch and crawl. The claimant must avoid hazards, such as unprotected heights and moving machinery. The claimant must be permitted to change from sitting to standing every 30 minutes for up to 3 minutes while remaining on task.

   * * *

7. For the period beginning July 2021, the claimant is capable of perform past relevant work as a Storage Facility Rental Clerk (295.367-026). This work does not require the performance of work-related activities precluded by the claimant’s residual functional capacity.

   * * *

> 8. The claimant has not been under a disability, as defined in the Social Security Act, from October 18, 2018, through the date of this decision.

AR 38-47 (citations to the code of regulations omitted).

Plaintiff requested review by the Appeals Council, which denied the request. AR 1-6. He now seeks judicial review under 42 U.S.C. § 405(g).

**Analysis**

Plaintiff claims that the ALJ erred in three ways. First, he argues that the ALJ erred at step two of the sequential evaluation process by finding that plaintiff's mental impairments are non-severe. ECF No. 11 at 11-14. Second, plaintiff asserts that the ALJ failed to properly evaluate the medical opinions of Dr. Satish Sharma and Dr. A. Nasrabadi. *Id.* at 14-19. Third, plaintiff contends that the ALJ failed to provide clear and convincing reasons for discounting certain portions of his symptom testimony. Remand is appropriate based on plaintiff's first argument—that the ALJ erred at step two. Accordingly, the court does not consider plaintiff's remaining arguments.

At the second step of the sequential evaluation process, the ALJ assesses whether the claimant has a "medically severe impairment or combination of impairments that significantly limits his ability to do basic work activities." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005); 20 C.F.R. § 404.1520(a)(4)(ii). The "ability to do basic work activities" is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b). The purpose of this step is two-fold: first, it is a "screening device to dispose of groundless claims," *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996), and, second, it allows the ALJ to determine whether the alleged impairments are "severe" within the meaning of 20 C.F.R. § 404.1520(c).

The Court of Appeals has held that it is "relatively rare" for an ALJ to deny a claim at step two, since a claimant "need only make a de minimis showing for the analysis to proceed past this step and that properly denying a claim at step two requires an unambiguous record showing only minimal limitations." *Glanden v. Kijakazi*, 86 F.4th 838, 843-44 (9th Cir. 2023). "An inconclusive medical record precludes denial at this step." *Id.* at 844.

In cases alleging disability due to a mental impairment, the ALJ must assess the severity of impairment by following "a special psychiatric review technique." *Keyser v. Comm's of Soc. Sec. Admin.*, 648 F.3d 721, 725 (9th Cir. 2011). Under this technique, the ALJ first determines whether the claimant has a medically determinable mental impairment. 20 C.F.R. § 404.1520a(b). The ALJ then rates the degree of the resulting functional limitation in four broad functional areas: "[u]nderstand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself." 20 C.F.R. § 404.1520a(c). The ALJ rates the degree of limitation in each area using a five-point scale—none, mild, moderate, marked, or extreme. Generally, if the limitation is rated as "none" or "mild" in the four areas, the impairment is "not severe, unless the evidence otherwise indicates that there is more than a minimal limitation" in the claimant's ability to perform work activities. 20 C.F.R. § 404.1520a(d)(1).

Here, the ALJ concluded that plaintiff's anxiety and depression "do not cause more than minimal limitation in [his] ability to perform basic mental work activities and [are] therefore nonsevere." AR 21. In making that determination, the ALJ followed the psychiatric review technique and found that claimant had no limitations—as opposed to mild, moderate, marked, or extreme limitations—in each of the four functional areas. AR 21-23. Specifically, as to the first functional area, the ALJ found that plaintiff's examinations "consistently documented appropriate mood with congruent affect, normal recent memory and normal remote memory" and there was no evidence of a "lack of significant memory or cognitive deficits." AR 21. Second, the ALJ found that plaintiff's examinations "documented appropriate mood with congruent affect and normal and/or cooperative behavior" and that, during his consultative examination, plaintiff "was calm, cooperative and verbally responsive." AR 22. Third, the ALJ found that plaintiff's examinations "documented appropriate mood with congruent affect and no evidence of significant attention or detention deficits." AR 22. Fourth, the ALJ found that plaintiff's examinations "documented appropriate mood with congruent affect, full orientation, normal and/or cooperative behavior, good judgment, intact insight and normal hygiene." AR 23. Moreover, as to all four functional areas, the ALJ found that plaintiff's "mental symptoms were generally well managed with psychotropic

medications." AR 21-23. Accordingly, the ALJ did not consider plaintiff's anxiety beyond step two.

However, the record is replete with evidence that plaintiff's anxiety posed difficulties that amount to at least some limitations that warranted consideration in plaintiff's RFC. In December 2021, a treating physician noted that plaintiff reported heart palpitations, anxiety, and sleep disturbances. AR 485. In July 2022, a treating physician reported that plaintiff was experiencing heart palpitations from anxiety. AR 436-37. In January 2023, a treating physician noted that plaintiff presented for a consultation "with the chief complaint of Anxiety and depression" and that the symptoms "are reported to be moderate." AR 749. In May 2023, a treating physician reported that plaintiff was "very anxious" about a delayed thyroid surgery and that plaintiff was taking Xanax to manage his anxiety. AR 723.

In October 2023, a treating physician noted:

> [Plaintiff] reports his anxiety has been "through the roof" the last couple of weeks, especially this weekend. He is unable to concentrate. He is feeling very tired and irritable. He wants to scream and destroy everything one minute and then he wants to cry the next minute. He does not sleep well. He sleeps about 4 hours a night due to anxiety and pain everywhere.

AR 1030. The treating physician also characterized plaintiff's anxiety as "extreme" and "severe" during the assessment. AR 1037.

In February 2024, a treating physician noted that plaintiff reported that "his anxiety has worsened," he "would wake up and feel like his heart [was] fluttering," he "is scared of everything and does not want to leave his house," and "[e]very day he wakes up feeling like it may be his last day." AR 1019-20. In June 2024, a treating physician reported that because plaintiff believed that his Xanax was "not as effective" anymore, he was prescribed Ativan to take at night.

At minimum, these medical records are ambiguous and inconclusive such that the ALJ erred by denying plaintiff's anxiety claim at step two. *See Glanden*, 86 F.4th at 844 (holding that "denying a claim at step two requires an unambiguous record showing only minimal limitations" and "[a]n inconclusive medical record precludes denial at this step"). Even if the ALJ properly found that plaintiff's anxiety was non-severe, the ALJ's failure to consider all of plaintiff's

impairments, including non-severe impairments, warrants remand. *See Uranna G. v. Saul*, No. 3:18-cv-02117-RNB, 2019 WL 5342537, at *4 (S.D. Cal. Oct. 21, 2019) (reversing an ALJ's decision where the ALJ "found mild limitations in two of the broad functional areas" and "determined that plaintiff's . . . anxiety was non-severe," but failed to include "any reasoned consideration of the mild limitations caused by plaintiff's anxiety impairment in connection with [its RFC finding]" (citation omitted)); *Gates v. Berryhill*, No. ED CV 16-00049 AFM, 2017 WL 2174401, *2-3 (C.D. Cal. May 16, 2017) (finding reversable error where the ALJ's RFC determination did not reflect "actual consideration and reasoned determination" with respect to claimant's "nonsevere limitation in social functioning," which resulted from a "nonsevere mental impairment"); *cf Curtis v. Comm'r of Soc. Sec.*, 584 F. App'x 390, 391 (9th Cir. 2014) ("Although the ALJ wrote that he considered '[a]ll impairments, severe and non-severe,' in determining [the claimant's] residual functional capacity (RFC), we are unable to determine on the record before us whether the ALJ adequately considered [the claimant's] mental health limitations."); *Carmickle v. Comm's Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008) ("Even though a non-severe impairment standing alone may not significantly limit an individual's ability to do basic work activities, it may—when considered with limitations or restrictions due to other impairments—be critical to the outcome of a claim.") (internal citations and quotations omitted).

Accordingly, the matter is remanded for further proceedings. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal citations and quotations omitted); *Treichler v. Comm'r, Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment, ECF No. 11, is GRANTED.
2. The Commissioner's motion for summary judgment, ECF No. 13, is DENIED.

3. The matter is remanded for further proceedings consistent with this order.

4. The Clerk of Court is directed to enter judgment in plaintiff's favor and close this case.

IT IS SO ORDERED.

Dated: August 24, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE